IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELYN H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:21-cv-00088-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Angelyn H.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits. The Court will affirm the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[4] If

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A.  PROCEDURAL HISTORY

In June 2019, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on September 27, 2016.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on February 22, 2021.[10] The ALJ issued a decision on March 5, 2021, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on July 16, 2021,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

On August 24, 2021, Plaintiff filed her complaint in this case.[14] On September 17, 2021, both parties consented to a United States Magistrate Judge conducting all proceedings in the

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 259–63.

[9] *Id.* at 52, 66.

[10] *Id.* at 35–51.

[11] *Id.* at 12–34.

[12] *Id.* at 1–6.

[13] 20 C.F.R. § 422.210(a).

[14] Docket No. 4.

2

case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed an answer and the administrative record on November 10, 2021.[16]

Plaintiff filed her Opening Brief on January 14, 2022.[17] The Commissioner's Answer Brief was filed on March 21, 2022.[18] Plaintiff filed her Reply Brief on April 4, 2022.[19]

B.   MEDICAL HISTORY

Plaintiff's arguments on appeal are limited to the ALJ's treatment of her headaches, therefore discussion of her medical history will be limited to that issue. In seeking disability insurance benefits, Plaintiff stated that she gets disabling migraines.[20] Her headaches apparently began after she suffered a workplace injury in September 2016, when she fell and hit her head.[21] Plaintiff is sensitive to light, sounds, and crowds and wears sunglasses and earplugs.[22] Her headaches have also created difficulties in managing daily tasks and life stressors.[23] At times, Plaintiff reported improved symptoms,[24] but at others, her symptoms worsened.[25] Plaintiff has

---

[15] Docket No. 11.
[16] Docket Nos. 13–15.
[17] Docket No. 18.
[18] Docket No. 22.
[19] Docket No. 23.
[20] R. at 380.
[21] *Id.* at 476.
[22] *Id.* at 502.
[23] *Id.* at 522.
[24] *Id.* at 1099, 1316, 1485, 1496, 1499, 1662.
[25] *Id.* at 1493.

tried medications and other treatment but continues to have headaches.[26] However, she has noted that certain medications have helped.[27]

C. HEARING TESTIMONY

Before the ALJ, Plaintiff testified that she worked part-time as a paraprofessional with the Washington County School District, where she reads to children 4 hours per day.[28] She had previously worked as a cook but suffered a workplace injury that prevented her from returning to that work.[29] Plaintiff testified that she experienced headaches 20 days per month.[30] She stated that she develops headaches every day that she works, and when she comes home from work she needs to take medicine and lie down in a dark room.[31] She then spends the weekend recovering so she can return to work on Monday.[32] Plaintiff further testified that she is sensitive to sunlight and wears sunglasses whenever she goes outside.[33] She also stated that screens aggravate her headaches.[34] Lastly, Plaintiff stated that she has tried a variety of medications to treat her headaches, but they only provide enough relief to allow her to sleep.[35]

D. THE ALJ'S DECISION

---

[26] *Id.* at 1588, 1872, 1907, 1916, 1919, 1935.
[27] *Id.* at 1907.
[28] *Id.* at 41, 495.
[29] *Id.* at 40, 495.
[30] *Id.* at 42.
[31] *Id.* at 42–43.
[32] *Id.* at 44.
[33] *Id.*
[34] *Id.* at 45.
[35] *Id.* at 46.

4

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 27, 2016.[36] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: spine disorder and migraines.[37] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[38] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain restrictions.[39] At step four, the ALJ determined that Plaintiff could not perform her past relevant work.[40] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[41]

## III.  DISCUSSION

Plaintiff's primary argument is that the ALJ erred in his treatment of Plaintiff's headaches under Social Security Ruling ("SSR") 19-4p. SSR 19-4p details how an ALJ is to consider headache disorders during the sequential process which, at step three, requires the ALJ to determine whether an individual's impairment(s) meet the listing medical criteria ("listings") to be found disabled. If an individual has an impairment not included in the listings but is considered medically equivalent to a listed impairment, the impairment is said to "equal the

---

[36] *Id.* at 17.
[37] *Id.* at 17–19.
[38] *Id.* at 19.
[39] *Id.* at 20–27.
[40] *Id.* at 27.
[41] *Id.* at 27–29.

listings." Primary headache disorder is not a listed impairment.[42] But, "[w]hile uncommon, a person with a primary headache disorder may" medically equal a listing under listing 11.02 for dyscognitive seizures.[43]

The ALJ noted that there was "no specific listing for migraine headaches," but stated that he "evaluated these impairments under listing 11.00, for neurological impairments."[44] He concluded that "the evidence does not demonstrate that the impairment meets or equals the criteria for any listing under this section."[45] Plaintiff complains that this "boilerplate statement ignores much of the evidence in the file and fails to comply with clear direction from SSR 19-4p."[46] While SSR 19-4p describes what an ALJ should consider in evaluating a primary headache disorder,[47] it contains no articulation requirement. Rather, SSR 17-2p provides that "the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment."[48] Instead, "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding."[49] And "[a]n adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine

---

[42] SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019).

[43] *Id.*

[44] R. at 19.

[45] *Id.*

[46] Docket No. 18, at 8.

[47] SSR 19-4p, 2019 WL 4169635, at *7.

[48] SSR 17-2p, 2017 WL 3928306, at *4 (Mar. 27, 2017).

[49] *Id.*

the basis for the finding about medical equivalence at step 3."[50] Here, the ALJ complied with his obligation at step three and his discussion of the evidence at later steps in the sequential process was sufficient to allow for review. Therefore, remand is not necessary on this issue.

Plaintiff points to a number of other purported errors in the ALJ's decision, none of which require remand. First, Plaintiff argues that the ALJ erred in relying on negative tests to support his conclusion that Plaintiff was not limited to the degree alleged.[51] SSR 19-4p states that unremarkable imaging does not preclude the diagnosis of a headache disorder and imaging "is not required for a primary headache disorder diagnosis."[52] However, SSR 19-4p goes on to state that "[w]e establish a primary headache disorder as a [medically determinable impairment] by considering objective medical evidence (signs, laboratory findings, or both) from an [acceptable medical source]."[53] And an ALJ is required to consider both remarkable and unremarkable findings.[54] Thus, there was nothing improper about the ALJ citing to Plaintiff's negative tests. Further, the ALJ did not rely exclusively on negative tests in evaluating Plaintiff's headaches. He also cited to examination findings, diagnoses, treatment, Plaintiff's testimony, and treatment notes.[55] Thus, no reversible error occurred.

---

[50] *Id.*

[51] R. at 22–23.

[52] SSR 19-4p, 2019 WL 4169635, at *4.

[53] *Id.* at *5.

[54] *Id.* at *6.

[55] R. at 26.

Second, Plaintiff argues that the ALJ erred when he stated that "[t]he record contains no opinions from treating or examining physicians stating that the claimant was unable to work."[56] Plaintiff points to the opinion of her treating physician, Laura Schlagel, M.D., who opined that Plaintiff would be off task for 20% or more of the workday.[57] At the hearing, the vocational expert testified that no work would be available if an individual would be off task for 15% of the workday.[58] Thus, the ALJ's statement is incorrect. However, remand is not required for two reasons. First, the regulations make clear that whether a person is disabled is an issue reserved for the Commissioner.[59] Thus, any statement from a treating or examining physician that Plaintiff was unable to work would not be controlling.[60] Second, the ALJ considered Dr. Schlagel's opinion and found it unpersuasive and Plaintiff has not challenged that assessment.

Plaintiff's third argument concerns the ALJ's treatment of the opinions of Mark Corgiat, Ph.D. and Richard Knoebel, M.D. Specifically, in his assessment of Dr. Knoebel's opinion, the ALJ mistakenly refers to Dr. Knoebel and his opinions as those of Dr. Corgiat. A close examination of Dr. Knoebel's opinion reveals that the ALJ simply made a typographical error. While the ALJ attributed certain opinions to Dr. Corgiat, when read in light of Dr. Knoebel's assessment, it becomes clear that the ALJ was referring to Dr. Knoebel's opinion. For example, the ALJ stated that Dr. Corgiat found Plaintiff's presentation was not credible.[61] Dr. Corgiat

---

[56] *Id.* at 23.

[57] *Id.* at 1866–73.

[58] *Id.* at 49.

[59] 20 C.F.R. § 404.1520b(c)(3).

[60] *Id.* § 404.1520b(c)(3)(i).

[61] R. at 25.

made no such claim, but Dr. Knoebel did.[62]  While the ALJ erred, Plaintiff has failed to show that this error requires remand.

Fourth, Plaintiff argues, correctly, that the ALJ erroneously stated that her "current job" was that of a "food service worker," which had "significant physical requirements."[63]  While Plaintiff had previously worked as a food service worker, her current job was that of a paraprofessional.  That job did not have significant physical requirements.  As a paraprofessional, Plaintiff read to children four days a week.  Plaintiff contends that the ALJ's error was not harmless because he used it as a basis to conclude that Dr. Schlagel's opinions were unpersuasive.  However, though the ALJ discussed Plaintiff's work as a food service worker while discussing Dr. Schlagel's opinions, he did not actually use that as a basis for concluding that her opinions were unpersuasive.  The ALJ found that Dr. Schlagel's opinions were unpersuasive because they were "not supported and inconsistent with the overall medical evidence of record, including examination findings, diagnoses, treatment, the claimant's testimony, and treatment notes."[64]  Thus, while the ALJ erred, this error does not require remand.

Finally, Plaintiff takes issue with the ALJ's statement that certain medications improved her migraines.[65]  There is evidence in the record to support the ALJ's statement.  Plaintiff stated that the medications improved her headaches.  But there is also evidence to detract from it, including statements that Plaintiff's pain was not well-controlled by medication.  However,

---

[62] *Id.* at 739 ("The claimant's presentation is not credible.").
[63] *Id.* at 23, 26.
[64] *Id.* at 26.
[65] *Id.* at 22.

"[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[66] Plaintiff essentially asks the Court to reweigh the evidence to reach a different conclusion, which it cannot do. Therefore, remand is not required on this issue.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision of the Commissioner.

DATED this 24th day of May, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[66] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks and citation omitted).